UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JEFFREY HAHN and CARLA TURNER-HAHN,**

    Plaintiff,

vs.

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2006-10, ASSET-BACKED CERTIFICATES, SERIES 2006-10,**

    Defendant.

_____/

CASE NO: _____

(Formerly Polk County Circuit Court Case NO. 2020-CA-2487)

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2006-10, ASSET-BACKED CERTIFICATES, SERIES 2006-10** ("DBNTC"), hereby removes the action currently pending in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, Case No. 2020-CA-002487 (the "State Court Action"), to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331. Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 as more fully set forth below.

**I.     BACKGROUND & CONDITIONS OF REMOVAL**

1.  This matter arises out of Plaintiffs' dispute over a Note executed by Plaintiff, Carla Turner-Hahn and a Mortgage executed by Plaintiffs, Jeffrey M. Hahn and Carla Turner-Hahn in favor of DBNTC's predecessor, on property located at 1517 Jungle Avenue N., St. Petersburg, Florida 33710 (the "Property") (*see* Complaint ¶2).

2. Plaintiffs Jeffrey Hahn and Carla Turner-Hahn are citizens and residents of Polk County, Florida.

3. Defendant DBNTC is a national banking association organized under the laws of the United States with its principal place of business in Santa Ana, California.

4. Venue is proper in the United States District Court Middle District of Florida because the case is being removed from the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida.

5. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert defenses or counterclaims.

6. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days from the date of DBNTC's receipt of the initial pleading.

7. This action is not a non-removable action as described under 28 U.S.C. § 1445.

8. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings available to counsel as of this date is attached hereto as **Composite Exhibit "A."**

9. In accordance with 29 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, DBNTC has served Plaintiffs with a copy of this Notice of Removal and has filed a Notice of Filing Notice of Removal with the Clerk of the Court for the Tenth Judicial Circuit in Polk County, Florida. A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as **Exhibit "B."**

10. DBNTC was not served with process in this matter and has filed a Motion to Quash Service of Process. *See* Motion to Quash, attached hereto as **Exhibit "C"**.

11. DBNTC discovered this matter on or about December 29, 2020 through an online records search prompted by the discovery of similar matters filed by Plaintiff's counsel, Lee Segal,

Esq., that likewise resulted in default and/or judgment by default due to lack of service of process on DBNTC.

## II. THE COMPLAINT

12. Plaintiffs have sued DBNTC in Polk County under the "Civil Remedies for Criminal Practices Act" (Fla. Stat §772.101. *et. seq*.) in the procurement of the Final Judgment of Foreclosure (the "State Court Action").

13. In 2015, DBNTC initiated foreclosure on the Mortgage in Pinellas County Case No. 15-005650-CI, which resulted in Final Judgment in favor of DBNTC on August 21, 2020 against Jeffrey M. Hahn and Carla Turner-Hahn in the amount of $936,289.61. *See* Complaint ¶2, & ¶11; *see also* Pinellas County Final Judgment, attached hereto as **Exhibit "D."**

14. Yet, while the foreclosure action was pending, Plaintiffs initiated this separate State Court Action collaterally attacking the evidence and findings of the foreclosure court in Pinellas County.

15. The State Court Action repeatedly challenges DBNTC's status as owner and holder of the Note and Mortgage that were the basis of Final Judgment. *See* Complaint, ¶s 13, 16, 19, 21 (each denying the foreclosure court's finding that DBNTC was the owner or holder of the Note).

## III. LEGAL STANDARD -GROUNDS FOR REMOVAL

16. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States…where such action is pending."

17. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

> **(1)** citizens of different States;
>
> **(2)** citizens of a State and citizens or subjects of a foreign state;
>
> **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> **(4)** a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.

18. This Court has original jurisdiction on the basis of diversity and amount in controversy. *See* 28 U.S.C. § 1332. The parties are diverse because they are citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

19. "Removal is proper if the defendant proves, by a preponderance of the evidence, the amount in dispute exceeds $75,000." *Luch v. Scottsdale Ins. Co.,* No. 17-21507-CIV, 2017 WL 5643314, at *1 (S.D. Fla. June 9, 2017) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014)). Also, "when a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).

### A.  Diversity Of Citizenship Exists.

20. Plaintiffs Jeffrey Hahn and Carla Turner-Hahn are citizens and residents of Polk County, Florida.

21. DBNTC is a national banking association with its mail office is Los Angeles, California and its principal place of business in Santa Ana, California. DBNTC does not have any offices in Florida.

22. Because the parties are citizens of different states, diversity exists.

    **B.**    **Amount in Controversy Exceeds $75,000.**

23.    Plaintiffs in this matter seek treble damages that include "the value of the Property" and the attorney's fees and costs incurred defending the [Foreclosure actions]". *See again* Complaint, ¶¶ 38-39.

24.    As evidenced by the Final Judgment as well as the Mortgage referenced in ¶2 of the Complaint, the value of the Property in this case exceeds $936,289.61. In fact, the Mortgage amount of the Property was $533,750.00, which demonstrates the value Plaintiffs placed on the Property when the parties relationship arose. *See again* Exhibit C*; see also Diversified Mortg., Inc. v. Merscorp, Inc.,* No. 8:09–cv–2497, 2010 WL 1793632, at *2 (M.D. Fla. 2010) (holding that the face value of the mortgages can be used to determine the amount in controversy).

25.    In this matter, because Plaintiffs seek three times the value of the Property plus attorney fees, the amount in controversy in this matter exceed $2,808,868.83 Dollars and thus meets the amount on controversy threshold under 28 U.S.C. § 1332.

**III.**    **CONCLUSION**

26.    Removal of this case is timely and appropriate, and this Court has jurisdiction over the claims based upon diversity of citizenship. Defendant respectfully requests that this Court take jurisdiction over this matter and remove this action from the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida to the United States District Court for the Middle District of Florida.

**WHEREFORE** Defendant respectfully requests that the aforesaid action now pending in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, No. 2020-CA-002487 be removed to this Honorable Court.

Respectfully Submitted,

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909

**GREENBERG TRAURIG, P.A.**
777 S. Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Telephone: (561) 650-7915
Facsimile: (561) 655-6222

By:/s/ *Beth A. Norrow*
    Jason H. Okleshen, Esq.
    Florida Bar No. 496170
    *Okleshenj@gtlaw.com*
    *FLService@gtlaw.com*
    Beth A. Norrow, Esq.
    Florida Bar No. 061497
    *norrowb@gtlaw.com*
    *dunnla@gtlaw.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2021, a true and correct copy of the foregoing was filed with the CM/ECF e-filing system which will send a notice of electronic service to:

Lee Segal, Esq.
Segal & Schuh Law Group, P.L.
18167 U.S. Highway 19 North, Suite 100
Clearwater, FL 33764
lee@segalschuh.com
marie@segalschuh.com

By:/s/ *Beth A. Norrow*
    Beth A. Norrow

*ADMIN 38055633*